**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4525**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

TODD PHILLIP RADER, a/k/a Todd Phillip Radar,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:15-cr-00045-RLV-DCK-1)

Submitted: February 28, 2017          Decided: March 15, 2017

Before MOTZ, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James W. Kilbourne, Jr., DUNGAN, KILBOURNE & STAHL, PA, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todd Phillip Rader, pursuant to a written plea agreement, pled guilty to conspiracy to distribute and possess with intent to distribute at least 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) (2012). The district court sentenced Rader to 235 months of imprisonment and 5 years of supervised release. In accordance with Anders v. California, 386 U.S. 738 (1967), appellate counsel has filed a brief asserting that there are no meritorious issues for appeal but raising several claims of ineffective assistance of trial counsel and questioning whether the sentencing court erred by relying on a drug quantity supported only by a confession Rader made while under the influence of drugs. Rader filed a supplemental pro se brief in which he also challenged the use of his confession to establish drug quantities. The government elected not to file a response to the Anders brief. We affirm the district court's judgment.

"The voluntariness of a statement is to be determined from the totality of the circumstances, including the characteristics of the defendant, the setting of the interview, and the details of the interrogation." United States v. Pelton, 835 F.2d 1067, 1071 (4th Cir. 1987) (internal quotation marks omitted). Voluntariness is determined by examining "whether the defendant's will has been overborne or his capacity for self-

2

determination critically impaired." Id. at 1071 (internal quotation marks omitted). "[T]he mere fact that one has consumed [intoxicating substances] does not mean that he is so intoxicated as to make his confession involuntary." Boggs v. Bair, 892 F.2d 1193, 1198 (4th Cir. 1989). Rather, there must be evidence that the individual was "so intoxicated that his confession was not the product of his rational intellect and free will." Id. "An appellate court must make an independent determination on the issue of voluntariness." Pelton, 835 F.2d at 1072. "Although the review of this ultimate issue is to be independent, the district court's findings of fact on the circumstances surrounding the confession are to be accepted unless clearly erroneous." Id. We conclude that the district court did not err in relying on Rader's statement to law enforcement officials detailing the quantity of drugs involved in the instant offense.

Turning to the allegations of ineffective assistance of trial counsel, unless an attorney's ineffectiveness conclusively appears on the face of the record, "[i]neffective assistance claims are generally not cognizable on direct appeal." United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1

3

(4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that these claims should be raised, if at all, in a § 2255 motion.

In accordance with Anders, we have reviewed the record in this case, as well as Rader's pro se supplemental brief, and have found no meritorious issues for appeal. We therefore deny counsel's motion to withdraw from representation and affirm the district court's judgment. This court requires that counsel inform Rader, in writing, of the right to petition the Supreme Court of the United States for further review. If Rader requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rader.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4